HARRY B. BROCKHURST, PROSECUTOR, v. JOHN C. KAISER, SHERIFF, RESPONDENT.

Argued February 19, 1907—Decided June 10, 1907.

The act of February 21st, 1905, respecting sheriffs in counties of the first class (*Pamph. L.* 1905, *p.* 19, § 3), authorizes the sheriff to exact payment in advance only for the services actually required to be performed by him. So much of the section as authorizes sheriffs to receive deposits of money in advance in excess of the fees actually demandable is intended merely for the convenience of the parties, and it is optional with suitors and their attorneys whether such deposit shall be made.

---

On *certiorari* to Hudson Common Pleas.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Adolf L. Engelke.*

For the respondent, *Marshall Van Winkle.*

The opinion of the court was delivered by

PITNEY, J.    This writ brings under review an order made by the Court of Common Pleas denying an application to that court for amercement of the sheriff.

By section 22 of the act concerning sheriffs (*Gen. Stat., p.* 3114) it is enacted that if any sheriff shall neglect or refuse to execute any writ of execution to him directed and which shall come to his hands, he shall be amerced in the value of the debt or damages and costs to and for the use of the plaintiff, provided that ten days' notice in writing shall be given to the sheriff by the plaintiff before any motion shall be made for such amercement.

By way of return to the writ of *certiorari* herein the Court of Common Pleas has sent up the order denying the application for amercement, together with the notice of the motion, the testimony taken before the Common Pleas and the findings of fact by that court.

It appears that on August 21st, 1906, there was placed in the hands of the sheriff a writ of execution issued by the Court of Common Pleas against the goods and chattels and also the lands of one Stevens, founded upon a judgment recovered by Brockhurst against Stevens; that upon the same day the sheriff levied upon certain goods and chattels belonging to the defendant; that two days later Brockhurst ordered the sheriff to proceed with the sale of these goods, and thereupon the sheriff requested Brockhurst to deposit with the sheriff's office the sum of $50 to be used in the payment of the fees of the sheriff as they accrued on the sale under the execution; that Brockhurst refused to make this deposit, but offered to pay to the sheriff in advance the legal fees to which he was entitled by statute, and requested the sheriff to inform him as to the amount of the legal fees for such sale so that he might pay the same; that the sheriff refused to inform the plaintiff as to the amount of such fees and demanded a

deposit of $50 before he would proceed with the execution,
saying that he did not know the exact amount to which he
would be entitled on a sale, and therefore could not give to
the plaintiff the information he sought; the sheriff also said
that it was the custom of his office to demand and receive $50
on all executions as a deposit to be used to pay the sheriff's
legal fees as they accrued, and that he refused to proceed
under any execution until the deposit of $50 was made with
his office. Brockhurst on several occasions endeavored to have
the sheriff proceed with the execution, and also to be informed
as to what the sheriff's actual fees were, but without success.
Being unsuccessful in obtaining a sale under his execution
without making the required deposit of $50, and being unable
to ascertain the actual fees to which the sheriff was entitled
for a sale of the goods, Brockhurst gave notice of his motion
for amercement.

These are the findings of the judge of the Court of Common
Pleas, based upon the evidence that was taken before him
upon the hearing of the motion. A further finding is that
the sheriff had caused a printed circular to be sent to all the
lawyers in his county apprising them of the custom of his
office to demand and receive $50 upon each execution, and
that the plaintiff had received one of these circulars, which
stated that the deposit was to be used in paying for printing.

The sheriff's levy in the present case included no real estate,
but only personal property consisting of one truck, one team
of heavy horses and one set of double harness.

The court below denied the application for amercement on
the ground that a recent act of the legislature respecting
sheriffs in counties of the first class (Pamph. L. 1905, p. 18,
§ 3) gives to the sheriff the right to exact such sum by way of
deposit as to him seems reasonable, and that the sheriff is the
best judge as to what is reasonable in such matters.

On the argument before this court the learned counsel for
the sheriff sought to justify the denial of the application in
part upon the ground that the notice given in the court
below was defective because based solely upon the sheriff's
refusal and neglect to advertise the goods and chattels in

question for sale. It is argued that the statute (*Gen. Stat., p.* 3114, § 22) contains no authority for amercement because of a mere failure to advertise; that before amercement can take place it must appear that the sheriff failed to completely execute the writ. In *Stryker* v. *Merseles,* 4 *Zab.* 542, this court held that it is not sufficient in a notice to a sheriff of a motion for amercement to assign as a ground the mere non-execution of a writ of execution, and that the notice must assign neglect or refusal to execute it as the ground. In *Ritter* v. *Merseles, Id.* 627, it was held that the notice of amercement must state specifically a legal ground of amercement with the same certainty, though not with the same formality as would be required in a declaration, and that a notice "for not having returned said execution according to law, and for neglect of duty in relation to said execution," is insufficient; that the duty neglected must be specified. In *Waterman* v. *Merrill,* 4 *Vroom* 378, it was again held that the mere non-return of the writ is not sufficient to warrant amercement; and in this case, as well as in the Stryker case just cited, it was held that the sheriff will not be amerced if the plaintiff has by his own interference prevented him from discharging his duties. In the case before us it is argued that the evidence taken in the court below shows that Brockhurst's instruction to the sheriff was merely to advertise the goods and not to proceed to a sale. In our judgment the evidence distinctly negatives this, and shows, on the contrary, that the instructions were to advertise and also to sell the goods, and that there was no instruction to defer or "hold up" the sale in any way.

. But, as we conceive, we are no further concerned with the evidence than to inquire whether it furnishes legitimate support for the findings of the Court of Common Pleas upon the questions of fact. There is an express finding that the plaintiff in execution ordered the sheriff to proceed with the sale of the goods in question, and we think this finding is fully justified by the evidence.

The Court of Common Pleas did not at all base its refusal of amercement upon the ground that the notice did not sufficiently specify the basis of the application. It would seem,

indeed, that since the statute requires amercement if the sheriff neglect or refuse to execute a writ of execution, and since a sale of the goods levied upon is an essential part of the execution of the writ, and since by statute (*Gen. Stat., p.* 1420, § 31) no sale of goods under execution may be made without previous notice or advertisement, a refusal and neglect to advertise the goods is necessarily a refusal and neglect to execute the writ; so that the notice in this respect seems to be entirely clear and specific and to comply both with the letter and spirit of section 22 of the act concerning sheriffs. *Gen. Stat., p.* 3114.

But, irrespective of the form of the notice, the Court of Common Pleas went into the whole question upon its merits, and notwithstanding that the court found facts importing a neglect or refusal to execute the writ of execution, it denied the application for amercement on the ground that the sheriff was justified in his refusal because the plaintiff in execution had refused to comply with a condition precedent lawfully and reasonably imposed by the sheriff. If objection had been made below to the form of the notice, it might, of course, have been amended. We think the case must now be determined upon its merits.

The statute relied upon to justify the demand for a deposit of $50 (*Pamph. L.* 1905, *p.* 18, § 3) reads as follows: "The said sheriffs shall be personally liable to their respective counties for the payment of all such fees and costs, and for their own protection it shall be lawful for them to exact the payment of such fees and costs before receiving, filing or entering any paper or executing a writ, process, order or mandate, or performing any other services in said offices for which costs, fees or compensation is allowed by law; and for convenience it shall be lawful for the said sheriffs to receive from suitors and their attorneys reasonable deposits of money in advance to answer such fees and costs, rendering an account therefor to the person making such deposit at least once in four months."

In our opinion this section permits the sheriff to exact

payment in advance only for the services actually required to be performed in the execution of the writ. These fees were sufficiently tendered by the prosecutor herein, or at least the tender was dispensed with by the refusal of the sheriff to state the amount of his fees. The latter part of the section, authorizing sheriffs to receive deposits of money in advance to an amount in excess of the fees actually demandable, is intended merely for the convenience of the parties, and it is optional with suitors and their attorneys whether such deposit shall be made.

In our opinion, therefore, the Court of Common Pleas erred in denying the application for amercement on the ground relied upon.

The order under review should be reversed and an order made amercing the sheriff, with costs.